989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roberto Anthony Reyes, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Fabian Luna, Defendant-Appellant.
 Nos. 92-5153, 92-5164.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 4, 1993
Decided: March 17, 1993
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-91-193-G)
 Walter T. Johnson, Jr., Anne R. Littlejohn, Greensboro, North Carolina, for Appellants.
 Robert H. Edmunds, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Roberto Anthony Reyes and Fabian Luna appeal their convictions of possession with intent to distribute in excess of fifty grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (1988 & Supp. III 1991) and 18 U.S.C. § 2 (1988). Reyes and Luna contend that the trial court erred in denying their motions for judgment of acquittal and in admitting certain evidence. Finding their contentions without merit, we affirm.
 
 
 2
 Reyes and Luna were indicted and charged with conspiracy to distribute crack cocaine in violation of 21 U.S.C.ss 841(a)(1), 846 (1988); possession with intent to distribute in excess of fifty grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (1988 & Supp. III 1991) and 18 U.S.C. § 2 (1988); and use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), (2) (1988). The charges stem from crack cocaine and a firearm uncovered in the search of an apartment that the government contends was a cocaine staging area.
 
 
 3
 The police went to the apartment where Luna and Reyes were staying in response to a call reporting a disturbance. The officers entered and spoke to the occupants. After noticing that there was no furniture and observing strange behavior by Luna, the officers asked who was in control. Luna responded that he was in control, although he was not the tenant. The officers asked Luna if they could search for drugs and weapons. Luna responded affirmatively. A search was conducted uncovering crack cocaine, a pistol, cash, razor blades, and other drug related items.
 
 
 4
 Early the next morning, after Reyes' arrest, the police brought a canine trained in narcotics detection to the parking lot of the apartment complex where the dog alerted to a car. The car was registered to Reyes, and when searched was found to contain 232 grams of cocaine hydrochloride.
 
 
 5
 Prior to trial, both Defendants moved to suppress certain evidence. Reyes moved to suppress cocaine found during a search of his car, contending that the evidence was inadmissible as evidence of a prior bad act pursuant to Fed. R. Evid. 404(b). The court held the evidence was admissible. Luna moved to suppress evidence found during a search of the apartment where the arrests occurred. The court denied the motion, holding that the evidence was admissible because the search was consensual.
 
 
 6
 During the trial, the conspiracy charges were dismissed at the government's request. At the close of the government's evidence, Reyes and Luna unsuccessfully moved pursuant to Fed. R. Crim. P. 29 for a judgment of acquittal. The jury found Luna and Reyes guilty of possession with intent to distribute in excess of fifty grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. A mistrial was declared as to count three, the firearm charge. Luna and Reyes were sentenced and noted a timely appeal.
 
 
 7
 Reyes contends that the trial court erred in denying his Rule 29 motion because he did not have actual or constructive possession of the crack cocaine. Reyes was asleep in one of the apartment's bedrooms at the time of the search. He asserts that because the drugs were found in the bathroom and he was asleep in the bedroom he had no physical control over the cocaine. Further, Reyes asserts that the cocaine found in his car was not in his control and that he did not have any intention to take control of the drugs at a later time.
 
 
 8
 The trial court did not err in denying Reyes' Rule 29 motion because the evidence justifies the jury finding of guilt. The government showed that Reyes was staying at the apartment, which, in light of the fact that it contained no furniture, food or basic essentials, but did contain items used in drug distribution, was likely the situs of a drug operation. Further, the cash found in the tote bags in the room where Reyes was sleeping and the cocaine found in Reyes' car evince Reyes' involvement with the operation. This evidence, if taken in the light most favorable to the government, would justify a finding of guilty beyond a reasonable doubt; therefore, the court correctly denied Reyes' motion for judgment of acquittal. United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982).
 
 
 9
 Luna contends that the trial court erred in denying his Rule 29 motion because there were several people in the apartment and there was no evidence to show that he was in control of the drugs. The trial court properly denied Luna's Rule 29 motion because the evidence that Luna was in the bathroom where the drugs were found immediately before the search and that Luna admittedly was in control of the apartment being used as the site of a drug operation, would be sufficient to justify a finding of guilty beyond a reasonable doubt. See id.
 
 
 10
 Reyes contends that the trial court erred in admitting into evidence the cocaine seized from his car because it was evidence of a prior bad act, and therefore, inadmissible under Fed. R. Evid. 404(b). The standard of review for questions of this type is abuse of discretion. United States v. Fells, 920 F.2d 1179, 1182 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3838 (U.S. 1991). The district court did not abuse its discretion in admitting this evidence because it was probative, necessary, and reliable, and its probative value outweighed its prejudicial impact. United States v. Melia, 691 F.2d 672, 676 (4th Cir. 1982).
 
 
 11
 Luna contends that the evidence seized from Reyes' car should not have been admitted against Reyes because it tended to prejudice Luna as well. This contention is without merit. The court adequately instructed the jury to consider the evidence only against Reyes and not to use the evidence with regard to Luna.
 
 
 12
 Luna also contends that the evidence seized from the apartment should have been suppressed because there was no voluntary consent. The government has the burden of proving voluntariness, which is a question of fact to be resolved in light of the totality of the circumstances and is subject to a clearly erroneous standard of review. United States v. Mendenhall, 446 U.S. 544, 577 (1980); United States v. Wilson, 895 F.2d 168, 171 (4th Cir. 1990).
 
 
 13
 The district court's finding of consent was not clearly erroneous. The finding was supported by Luna's own words stating that he was in control of the apartment and that the police could search. Further, there was no evidence that those words were coerced or that Luna felt threatened. Luna was in a situation where he could leave; in fact, three other occupants did leave. In light of the totality of the circumstances, the district court's finding that Luna consented to the search was not clearly erroneous.
 
 
 14
 We find that the trial court did not err in denying the Appellants' motions for judgment of acquittal. Further, the Appellants' motions to suppress were properly denied. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED